JAMES M. DAVIDGE, ADMINISTRATOR, ETC.,

V.

JAMES B. CRANDALL ET AL.

</div>

*Administrator's Sale—Note—Intoxication of Maker as a Defense— Sale of Safe without Key—Instructions.*

In an action on a note given in payment for a second-hand safe, purchased at an administrator's sale, it is *held :* That the evidence fails to show that the maker was sufficiently intoxicated when he made the purchase to excuse him from the performance of his contract; that the failure of the plaintiff to deliver a key with the safe is no defense to the action, there having been no representation at the time of the sale that the safe was complete; and that certain instructions, assuming that the key was necessary to the use of the safe, were erroneous.

[Opinion filed June 7, 1887.]

APPEAL from the County Court of Pulaski County; the Hon. HENRY M. SMITH, Judge, presiding.

Messrs. ROBARTS & BRADLEY, for appellant.

Mr. JOHN LINEGAR, for appellees.

WILKIN, P. J. This action was begun before a Justice of the Peace on a promissory note dated August 19, 1878, due in six months, for $81, made by appellees to appellant as administrator. Before the Justice of the Peace appellant had judgment for the amount of the note and interest, but on appeal to the County Court, and trial by jury, the finding and judgment were for appellees. Motion for a new trial being overruled, and exceptions taken, we have the case in this court by appeal.

It appears from the evidence that the note sued on was given by appellee, James B. Crandall, as principal, with the other appellees as securities, for a safe, bid off at an administrator's sale. Crandall attempts to defeat the recovery; first, because he says he was so drunk at the time of purchasing the safe and executing the note, as to render him *non compos mentis;* second, because a key to the safe was not delivered to him.

On the first branch of the defense it is unnecessary to review the testimony or comment thereon, farther than to say that it fails to show that degree of intoxication which, under the law, excuses a party from the obligation of his contracts. The intoxication was purely voluntary. No advantage was taken of the condition of Crandall. The biddings by himself and others was fair. He does not even pretend that the safe purchased was not worth the full amount of his bid. He executed his note, and obtained the sureties thereon in the ordinary business way, and delivered it to appellant. The law does not visit the follies of drunken men upon innocent parties, nor does it excuse one who voluntarily becomes intoxicated, from the performance of his contracts

entered into while in that state, unless he can prove that he was at the time in fact *non compos mentis*. The evidence in this case falls far short of establishing that condition.

There is no evidence whatever that the safe was offered as being perfect or complete. On the contrary, appellant testified: " I offered for sale the safe, as it stood, not knowing that there was a key belonging to it." No one contradicts him. All that is claimed by Crandall is, that, after the sale and after he had executed and delivered his note to appellant, he said he would get the key for him. That promise, even if made, could not affect the validity of the sale or the consideration of the note. But appellees proceed upon the theory that if the safe was offered at public sale without notice to bidders, that it was imperfect; that the law would compel the seller to deliver it, not only in the condition it was when bid off, but also to furnish and deliver to the purchaser whatever else might be necessary to its use, and the third, fourth, fifth, sixth, seventh and eighth instructions given on their behalf are based on that theory. Counsel have favored us with no citation of authority sustaining such a proposition of law, and we think none can be found. There being no representation that the article was complete, it being in existence and present at the time of sale, the purchaser took it as it then was, and could not make the validity of the sale depend upon the delivery of a key or other article necessary to its perfect use, not then with and sold as a part of it. The reasonableness of this rule is the more apparent when it is considered that the article in question was known by the purchaser as one having been in use, and not new, and therefore more or less liable to be imperfect. Each of the above named instructions are erroneous, and must have misled the jury to the prejudice of appellant. The eighth is not only vicious for the reason already given, but because it assumes that the key was necessary to the use of the safe, and directs the jury that if they believe from the evidence " that the key in question" was withheld from the defendant, and that he never had possession, they must find for the defendant, unless they believe the defendant accepted the safe without the key. This last instruction is so flagrantly erroneous that no defense

of it is attempted by counsel for appellees. It makes appellant's right to recover depend upon his having furnished everything necessary to the *perfect* use of the safe, and then takes away from the jury the question of fact as to whether the particular key belonging to it was necessary *to its use.*

Substantial justice has not been done in this case. The judgment will be reversed and the cause remanded, because the verdict of the jury is contrary to the law and the evidence, and because the court erred in its instructions to the jury, given on behalf of appellees.

*Reversed and remanded.*